```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
LEWIS GEORGE,
                                                                    MEMORANDUM
                    Plaintiff,                                      DECISION AND ORDER

         -against-                                                  11 Civ. 0955 (BMC)

SUPERINTENDENT JOHN B. LEMPKE,

                    Defendant.
----------------------------------------------------------- X
```

**COGAN, District Judge.**

In this proceeding pursuant to 28 U.S.C. § 2254, petitioner challenges his convictions arising from a string of three robberies in less than three weeks, at least one of them armed, having similar *modus operandi*: in each instance, petitioner would follow an elderly man after the victim visited a bank and then assault the victim, steal his money, and speed away in a dark colored jeep. The proof against petitioner was overwhelming: a witness at each of the scenes (a victim, a victim's niece, and an unidentified passerby) had been able to record the license plate number of the jeep; the police located and surveyed the jeep; and they arrested petitioner when he entered and started the jeep. The jeep turned out to be registered to petitioner's female friend or wife (the facts were disputed as to her status); each of the victims gave similar physical descriptions; and each of the victims separately picked petitioner out of a lineup. After petitioner's arrest, all three victims were separately shown the jeep and each confirmed that it was the escape vehicle. At trial, each victim, none of whom knew each other or petitioner, confirmed his identification of petitioner as his assailant.

The jury rejected petitioner's uncorroborated testimony that he was not near any banks and not using the jeep at the time of the robberies, although he acknowledged that he kept his



personal property in the jeep (which was found in it). Petitioner was convicted of various robbery and grand larceny charges pertaining to each of the three robberies; he was sentenced to twenty years for the armed robbery and ten years for each of the other two robberies, all to run consecutively. The trial judge noted that "I find the circumstances of these crimes to be extremely heinous and these crimes are, frankly, quite evil for the defendant to prey upon old people in our community."

In this habeas corpus proceeding, petitioner raises two exhausted claims: (1) evidentiary error, in that the trial court struck petitioner's trial testimony that "maybe about four, five people" also had access to the jeep; and (2) ineffectiveness of appellate counsel, in that appellate counsel failed to argue that petitioner's trial counsel was ineffective for not preserving an objection to improper comments by the prosecutor during closing argument. Additional facts relating to each claim will be set forth below. Neither has merit, and the petition is therefore denied.

## I. Evidentiary Error

During petitioner's direct testimony, his counsel brought out that petitioner was not the only one to use his female friend's jeep; that he had used it maybe six times for various errands; and that he denied using the jeep on the day of any of the robberies. However, when trial counsel asked petitioner, "how many other people use that jeep besides you?" and petitioner answered, "maybe about four, five people," the trial court sustained the prosecutor's objection and struck that answer. The Appellate Division held that this ruling was error, but further held that the error was harmless in light of the "overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions." People v. George, 49

A.D.3d 554, 555, 855 N.Y.S.2d 551, 555 (2d Dep't), leave to app. den., 10 N.Y.3d 958, 863 N.Y.S.2d 142 (2008) (Table).

In reviewing a state court ruling of harmless error, I must apply the standard of Brecht v. Abrahamson, 507 U.S. 619, 113 S. Ct. 1717 (1993), and determine whether the error had a "substantial and injurious effect" on the trial. See Fry v. Pliler, 551 U.S. 112, 116-20, 127 S. Ct. 2321, 2324-27 (2007).[1] Petitioner comes nowhere near that standard for three reasons: (1) the evidence of his guilt, as described above, was so overwhelming, and his uncorroborated denials were so unconvincing; (2) his speculative answer that "maybe about four, five people" had access to the jeep had so little probative value that petitioner lost nothing by its exclusion; and (3) the lack of impact is especially apparent because petitioner did, and was permitted to, testify that others besides him and his female friend had access to the jeep, so whether it was two or "maybe about four, five people," petitioner made his point that it could have been somebody else.[2] There was no error in the Appellate Division's decision as determined by the Brecht standard.

## II. Ineffective Assistance of Appellate Counsel

On direct appeal, petitioner's appellate counsel sought reversal based on certain remarks that the prosecutor had made during closing. The remarks were, first: "He preys on the meek,

---

[1] Respondent, although citing Fry, asserts that this Court must apply both the deferential review standard of § 2254(d) and the harmless error review standard of Brecht. Fry held just the opposite: "[I]t certainly makes no sense to require formal application of both tests (AEDPA/ Chapman and Brecht) when the latter obviously subsumes the former." Fry, 551 U.S. at 120, 127 S. Ct. at 2327.

[2] The answer was so vague that I might disagree with the Appellate Division that the trial judge's ruling constituted error. The trial judge likely struck the testimony because there was no foundation for petitioner's conclusion; petitioner did not testify who had access and, more importantly, how petitioner knew such persons had access, which, if it could be substantiated at all, might well have been based on hearsay. The fact that trial counsel did not attempt to lay a better foundation and then elicit the testimony tends to show that petitioner had no basis for offering it in the first place.

3

the weak and the elderly because they're easy targets and they're not going to fight back."
Second, the prosecutor argued:

> And finally the defendant was arrested on May fourth of 2005. This incident occurred within three weeks of that date. This is a man who wants you to believe that he's innocent and he's sitting in the precinct, wouldn't he be thinking back to what happened? Where was I on April 15th? It was only two weeks ago. Where was I on April 30th, May second? *I'd be thinking back to where I was on those dates in question and having a good memory of what happened because here he is accused of all these crimes, these horrible crimes.* But yet he comes in here and he can't remember what's going on but he knows for sure he wasn't near a bank. Banks are everywhere but he knows for sure he wasn't near a bank. He can't account for his time because he was out robbing these people and that's why he can't tell you what he was doing on those dates.

(Emphasis added). Petitioner's appellate counsel argued that these remarks deprived petitioner of due process by attacking petitioner's character, placing the prosecutor's own character in issue (by the italicized language), and shifting the burden of proof. Appellate counsel acknowledged that petitioner's trial counsel had failed to object and thus preserve this argument, but appellate counsel argued that the Appellate Division should consider the point under its "interests of justice" jurisdiction. The Appellate Division declined to do so and rejected the argument as unpreserved. George, 49 A.D.3d at 555, 855 N.Y.S.2d at 555.

Petitioner then brought an application *pro se* for a writ of *coram nobis*, asserting that his appellate counsel should have argued that trial counsel was ineffective for not objecting to the comments at trial. The Appellate Division denied the application on the merits. People v. George, 76 A.D.3d 583, 905 N.Y.S.2d 515 (2d Dept. 2010), leave to app. den., 16 N.Y.3d 797, 919 N.Y.S.2d 514 (2011) (Table). Because it was a denial on the merits, I can only grant a writ of habeas corpus if I find that the Appellate Division's decision was contrary to, or an unreasonable application of, Strickland v. Washington, 466 U.S. 668, 687, 690 (1984). See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362 (2000).

Once again, that standard is not nearly met here. I start with the weakness of the underlying argument; the prosecutor's comments may not have been improper at all, and even if they were, they did not so infect petitioner's trial so as to deprive him of due process. For a claim of prosecutorial misconduct to amount to constitutional error, "it is not enough that the prosecutors' remarks were undesirable or even universally condemned." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quotation marks omitted). "There must instead, be a showing that '[petitioner] suffered actual prejudice because the prosecutor's comments during summation had a substantial and injurious effect or influence in determining the jury's verdict.'" Alexander v. Phillips, 02 Civ. 8735, 2006 U.S. Dist. LEXIS 8926, at *40–41 (S.D.N.Y. Feb. 21, 2006) (quoting Bentley v. Scully, 41 F.3d 818, 824 (2d Cir. 1994)); see also Dawkins v. Artuz, 152 F. App'x 45, 46-47 (2d Cir. 2005) ("To warrant granting the writ, the prosecutorial misconduct must have 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" (quoting Darden, 477 U.S. at 181)). "[N]ot every trial error or infirmity which might call for the application of supervisory powers correspondingly constitutes a 'failure to observe that fundamental fairness essential to the very concept of justice.'" Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974) (quoting Lisenba v. California, 314 U.S. 219, 236 (1941)). The prosecutor's brief comments, placed in the context of the entire case, do not rise to this level. For this reason, defense counsel's failure to object to them was neither objectively unreasonable nor prejudicial.

In addition, it is well established that appellate counsel is not constitutionally required to throw in every argument that he think of, or even every non-frivolous argument, but must be allowed to exercise the judgment to pick the arguments that he believes are the strongest. See, e.g., Jones v. Barnes, 463 U.S. 745, 103 S. Ct. 3308 (1983). This principle has applicability in

5

two respects here. First, if appellate counsel had any chance at all of persuading the Appellate Division to hear his prosecutorial misconduct claim, slim as it may have been, it was through the "interest of justice" point that he made, allowing the Appellate Division to consider the point simply if it believed that justice would be served. This is a much more lenient standard, in the context of this case at least, than the Strickland test for ineffective assistance of counsel, which requires both that counsel's conduct fall below an objectively unreasonable standard, and that petitioner suffered prejudice. Since he could not meet the interests of justice standard, it was remote indeed that he could meet the Strickland standard.

Second, appellate counsel had and made other, stronger points than this unpreserved prosecutorial misconduct issue, including an attack on one of the subordinate convictions, a point which the prosecutor in fact conceded and with which the Appellate Division agreed, modifying the judgment to vacate that conviction. On top of that, appellate counsel chose to challenge the severity of the sentence under state law, which was a far more important point.

Finally, even if appellate counsel had sought to assert ineffectiveness of trial counsel for failing to preserve the prosecutorial misconduct point, that challenge would have in all likelihood failed based on the overwhelming evidence against petitioner, as described above. Under Strickland, the Appellate Division would have had to find that but for the prosecutor's comments, the result of the trial may have been different. Considering the eyewitness identification of three unrelated victims, none of whom knew each other or petitioner, the similarities of each crime, petitioner's access to the jeep, and his inability to account for his whereabouts during the robberies except for his uncorroborated denials, no reasonable appellate court could reach that conclusion. Petitioner's claim is therefore without merit.

## CONCLUSION

The petition is denied and the case is dismissed. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue. Further, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. The Clerk of the Court is directed to enter judgment and mail a copy of this Order to petitioner *pro se*.

**SO ORDERED.**

/s/
U.S.D.J.

Dated: Brooklyn, New York
July \15. 2011